## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MAURO ARRIAGA, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 3:14-cv-04044-M |
| | § | |
| MIDLAND FUNDING LLC, MIDLAND | § | |
| CREDIT MANAGEMENT, INC. AND | § | |
| ENCORE CAPITAL GROUP INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Remand [Docket Entry #9]. For the reasons stated herein, the Motion is **DENIED**.

## I.    BACKGROUND

In June 2007, a Texas state court rendered judgment for Midland Funding LLC against Mauro Arriaga ("Arriaga") on a disputed consumer debt.[1] In May 2014, Arriaga learned that the Texas Attorney General had charged Midland Funding LLC, Midland Credit Management, and Encore Capital Group Inc. (collectively, the "Midland Defendants") with defrauding the Texas judicial system by submitting to courts false and robo-signed affidavits, attempting to collect debts based on inaccurate or incomplete account information, and utilizing unlawful and deceptive debt collection tactics.[2]

On October 10, 2014, Arriaga filed an Original Petition in the 116th Judicial District Court of Dallas County, alleging that "Midland Funding and its attorneys acting together with

---

[1] Docket Entry #1-1 ¶¶ 9, 11.
[2] *Id.* ¶ 14; *Id.* at 8.

Midland Credit Management and Encore Capital Group" committed fraud on the Texas court

that rendered judgment against Arriaga, in violation of Chapter 12 of the Texas Civil Practice

and Remedies Code.[3]

Arriaga alleges that Midland Funding LLC lacked standing to pursue its debt-related

claims in state court because it did not furnish proof, nor notify Arriaga, that it was the proper

transferee of the cause of action.[4]  According to Arriaga, neither Midland Funding LLC, nor any

other creditor complied with Section 12.014 of the Texas Property Code, which requires that any

transfer of interest in a cause of action on which suit has been filed be in writing.[5]  *See* Tex.

Prop. Code § 12.014(a).  Arriaga claims Midland Funding LLC and Midland Credit Management

made and used fraudulent affidavits and business records to deceive the state court into ruling

that Midland Funding LLC had standing to invoke the court's subject matter jurisdiction.[6]

Furthermore, Arriaga claims that the Midland Defendants have "systematically deceived Texas

courts," "filed false affidavits in debt collection suits" in an effort to deceive Texas courts,

"planned, managed, and . . . profited from [the] making and use of the void, false, and fraudulent

judgment," and "asserted judgment liens that were fraudulently obtained."[7]

According to Arriaga, Midland Funding LLC and Midland Credit Management "have

used, and are continuing to use the fraudulent judgment in [their] [sic] collection attempts"; and

that Encore Capital Group "has used, and is continuing to use, the . . . fraudulent judgment in its

business of managing and selling interest in . . . asset backed securities."[8]  Pursuant to Texas

Rule of Civil Procedure 47(c)(3), Arriaga seeks monetary "relief in an amount over $100,000 but

---

[3] *Id.* ¶ 13(b); *see also id.* ¶ 16.
[4] *Id.* ¶ 13(b).
[5] *Id.* ¶ 13(e).
[6] *Id.* ¶ 13(b)-(c).
[7] *Id.* ¶ 13(n), (j).
[8] *Id.* ¶ 13(o)-(p).

not more than $200,000."[9]  Arriaga also seeks permanent injunctive relief, equitable

disgorgement, and attorney's fees from the Midland Defendants.[10]

On November 17, 2014, the Midland Defendants removed the action to this Court on the

basis of diversity jurisdiction.[11]  On November 24, 2014, the Midland Defendants filed an

Unopposed Motion to Consolidate 34 cases pending in the Northern District of Texas, all of

which assert identical allegations and claims against the Midland Defendants.[12]  The Court

granted the Motion to Consolidate and designated 3:14-CV-4044, *Mauro Arriaga v. Midland

Funding et. al.*, as the lead case.[13]

On November 30, 2014, Arriaga moved to remand, arguing that the amount in

controversy is not met because the Original Petition "limit[s] the monetary relief being sought

against the three Defendants to $200,000 (an average of $66,667 per Defendant)," and "d[oes]

not allege that Defendants [are] jointly liable to Plaintiff."[14]  Additionally, Arriaga stipulated in

the Motion for Remand that the Midland Defendants are not jointly liable and that the amount in

controversy for each individual defendant is less than $75,000.[15]  On December 31, 2014, the

Midland Defendants filed a Response, but Arriaga did not file a Reply.[16]

---

[9] *Id.* ¶ 6.
[10] *Id.* ¶ 19.
[11] Docket Entry #1 ¶ 4.
[12] Docket Entry #5.
[13] Docket Entry #13.
[14] Docket Entry #9 ¶ 7.
[15] *Id.* ¶¶ 2, 8.
[16] The Certificate of Conference included in the Motion for Remand stated that the Midland Defendants "declined to oppose or agree to a remand" when the Motion was filed.  Docket Entry #9.  However, the Midland Defendants subsequently asserted their opposition to the Motion.  *See* Docket Entry #11.

## II.    APPLICABLE LAW

Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000**.**  28 U.S.C. § 1332(a)(1).  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that complete diversity exists, and that the jurisdictional amount is satisfied.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  A removing party may establish the jurisdictional amount by either: (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount.  *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002).  If it is apparent from the petition that the amount in controversy exceeds $75,000, the defendant may rely on conclusory allegations in the notice of removal to satisfy its burden.  *See Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 774 (5th Cir. 2003).

Claims against two or more defendants can be aggregated for the purpose of satisfying the jurisdictional amount if the defendants are jointly liable to the plaintiff.  *Jewell v. Grain Dealers Mut. Ins. Co*., 290 F.2d 11, 13 (5th Cir. 1961); *see also Weston Plaza, Ltd. v. Hartford Lloyd's Ins. Co*., No. 3:11-CV-1034-O-BK, 2011 WL 4712239, at *3 (N.D. Tex. Sept. 1, 2011) *report and recommendation adopted* No. 3:11-CV-1034-O, 2011 WL 4731087 (N.D. Tex. Oct. 7, 2011).  Under Texas law, a plaintiff may join defendants in a petition whenever there exists "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."  Tex. R. Civ. P. 40.  A petition alleging that multiple parties acted together to violate the law has sufficiently pleaded a theory of joint liability.  *See Ex parte Hughes*, 129 S.W.2d 270, 279 (Tex. 1939); *see also*, *e.g.*, *Maddox v. Summit Mortg. Corp.,* No. 09-00-571CV, 2001 WL 1805883, at *4 (Tex. App.—Beaumont Mar. 7, 2002, pet. denied).

The jurisdictional facts that support removal must be evaluated at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal stipulations reducing the amount do not deprive the district court of jurisdiction.  *Id.* Therefore, in determining jurisdiction, post-removal stipulations may only be considered if the amount in controversy was ambiguous at the time of removal.  *See id.*

## III.   DISCUSSION

Arriaga only disputes whether the amount in controversy is satisfied.  First, Arriaga argues that the Original Petition "limited the monetary relief being sought against the three Defendants to $200,000 (an average of $66,667 per Defendant)," and "did not allege that Defendants were jointly liable to Plaintiff."[17]  Arriaga did in fact limit the relief requested to $200,000 against all of the Midland Defendants.  However, the Original Petition also shows that Arriaga pleaded a theory of joint liability in excess of $75,000.

Arriaga alleges that the Midland Defendants *acted together* to commit fraud on the court in violation of Chapter 12 of the Texas Civil Procedure and Remedies Code, resulting in the allegedly void judgment against Arriaga.[18]  To perpetrate the fraud, Arriaga claims that neither Midland Funding *nor any creditor* complied with Section 12.014 of the Texas Property Code, which requires that the transfer of a cause of action on which suit has been filed be in writing.[19] Further, Arriaga alleges that Midland Funding LLC *and* Midland Credit Management created and used fraudulent affidavits and business records to establish subject matter jurisdiction in the state court.[20]  Arriaga also claims that the Midland Defendants "planned, managed, and have

---

[17] Docket Entry #9 ¶ 7.
[18] *See* Docket Entry #1-1 ¶¶ 13 (b),(j), (n), 16.
[19] *Id.* ¶ 13(e).
[20] *Id.* ¶ 13(h).

5

profited from the making and use of the void, false and fraudulent judgment" rendered against Arriaga.[21]

Arriaga's Original Petition indisputably alleges that the Midland Defendants acted together to violate Chapter 12 of the Civil Practice and Remedies Code, which is sufficient to establish that Arriaga claims a theory of joint liability against the Midland Defendants.[22] *See Ex parte Hughes*, 129 S.W.2d at 279. As a result, the claims against the Midland Defendants can be aggregated to establish the amount in controversy. *See Jewell*, 290 F.2d at 13.[23] Because Arriaga seeks monetary relief "over $100,000 but not more than $200,000," Defendants have met their burden of showing that it is facially apparent from the Original Petition that the amount in controversy exceeded $75,000 at the time of removal. *See Grant,* 309 F.3d at 868.

Alternatively, Arriaga argues that the amount in controversy is less than $75,000 because there is a stipulation in the Motion for Remand that the Midland Defendants are not jointly liable, and the amount in controversy for each Defendant is less than $75,000.[24] However, it is well established that Arriaga's post-removal stipulation cannot divest this Court of jurisdiction. *See Gebbia*, 233 F.3d at 883. Rather, when determining jurisdiction, the Court is only permitted

---

[21] *Id.* ¶ 13(n).

[22] *See id.* ¶ 16 ("*Defendants* have violated Chapter 12 . . . by making and using documents . . . .").

[23] The Court finds that, as currently pleaded, *disaggregating* Arriaga's claims against the Midland Defendants would be nearly impossible and would likely not change the Court's ruling regarding the amount in controversy. For example, Arriaga alleges that Midland Funding LLC's attorneys used fraudulent documents created by Midland Funding LLC and Midland Credit Management to invoke the state court's jurisdiction. *See id.* ¶ 13(i). This allegation appears to sufficiently plead a joint theory of liability against Midland Funding LLC and Midland Credit Management that would satisfy the amount in controversy, even if the Court were to accept Arriaga's stipulation in the Motion for Remand. The Original Petition does contain a lone individualized allegation against Encore Capital Group—that it used the judgment to sell asset-backed securities without disclosing the fraudulent nature of the judgment underlying those securities. *See id.* ¶ 13(p). However, the Original Petition provides no basis for allocating damages to this particular wrongful conduct. Moreover, as already discussed, other allegations in the Original Petition make it clear that Arriaga alleges a right to relief against all of the Midland Defendants, including Encore Capital, that arises out of the same series of transactions—the attainment of the allegedly void judgment and the use of that judgment for financial gain—and therefore, common questions of law and fact will undoubtedly arise in the action. *See id.* ¶¶ 13(n)-(p), 16; *see* Tex. R. Civ. P. 40.

[24] Docket Entry #9 ¶¶ 2, 8.

to consider stipulations in the record at the time of removal.  *See id.*   Here, Arriaga did not proffer the stipulation until the Motion for Remand was filed.[25]

Furthermore, Arriaga's stipulation fails to clarify any ambiguity because, as already discussed, it is facially apparent from the petition that the amount in controversy exceeded $75,000 at the time of removal.  *See Gebbia*, 233 F.3d at 883.  Indeed, Arriaga argues that the stipulation itself establishes the amount in controversy, not that it clarifies an ambiguity in the Original Petition.[26]  Rather than clarify an ambiguity, the stipulation tends to create ambiguity by contradicting the plain language in the Original Petition.[27]  Arriaga's post-removal stipulation, therefore, does not divest this Court of subject matter jurisdiction.

## IV.   CONCLUSION

Having found that the amount in controversy exceeds $75,000 and that Plaintiff and Defendants are citizens of different states, the Motion for Remand is **DENIED**.

**SO ORDERED.**

February 11, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[25] *Id.* ¶ 2.
[26] *See* Docket Entry #9 ¶ 8.
[27] *See generally* Docket Entry #1-1.

7